JULIUS BRUSTMANN, Respondent, *v.* JOHN MOTRIE and Others, Appellants.

Third Department, March 13, 1907.

Vendor and purchaser — Statute of Frauds — contract of sale by life tenant does not bind remaindermen not joining therein — facts insufficient to establish priority of contract — when vendee not entitled to set aside conveyance to subsequent purchaser.

A written contract to sell lands executed by a life tenant but not by the remaindermen is not binding upon the latter, even though executed with their approval and the vendee is not entitled to set aside a conveyance made to another party.

Mere proof of the willingness of the remaindermen to sell their interest in connection with that of the life tenant does not establish a contract binding upon them.

When a vendee cannot hold a vendor under a void oral contract to sell lands, he has no greater right against the grantee of the vendor.

Evidence as to respective dates of agreements to sell lands to different parties examined and

*Held,* that the evidence established that the grantee's contract was prior in date.

The mere fact that the vendors paid commissions to a real estate agent acting for a vendee does not establish that a valid contract with him was consummated, as a broker may be entitled to commissions on furnishing a purchaser whether or not the contract be afterwards consummated.

APPEAL by the defendants, John Motrie and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Ulster on the 15th day of August, 1906, upon the decision of the court rendered after a trial at the Ulster Trial Term, the jury having been discharged.

*John T. Cahill* and *Charles Irwin,* for the appellants.

*Chris A. Murray* [*John D. Eckert* of counsel], for the respondent.

SMITH, P. J.:

Prior to May 22, 1905, the defendant John Motrie was the owner of a life estate in certain property in the city of Kingston. His daughters, Margaret Motrie and Helen Motrie, were entitled to the remainder. Between eleven and twelve o'clock upon the said twenty-second day of May John Motrie entered into a written

agreement with this plaintiff to sell to him the said property for the sum of $2,100 and to give to him a full covenant deed from himself and his two daughters. Upon the twenty-third day of May John Motrie and his two daughters executed a warranty deed thereof to the defendants Stanislaw and Lena Kreglowski. This deed was taken by the Kreglowskis with full knowledge of the contract between the plaintiff and John Motrie. After tender of the contract price this plaintiff brought an action against John Motrie and the Kreglowskis to compel the Kreglowskis to convey this property to the plaintiff. The learned court has held that through the sharp practice of the Kreglowskis in offering a higher price than was offered by Brustmann, John Motrie and his daughters were wrongfully induced to execute the deed upon the twenty-third and has directed them to execute a conveyance of the property to the plaintiff. There is evidence to the effect that upon the twentieth day of May the plaintiff or his wife had agreed upon the terms of the purchase both with John Motrie and with his daughters. No writing, however, was executed, and this informal agreement, clearly void under the Statute of Frauds, can in no way operate to give to the plaintiff any rights which he does not acquire under the written contract of John Motrie. The court has further found that the contract was executed by John Motrie not only with the authority, but with the approval of his daughters. The contract does not purport to be the contract of the daughters, and as to them the plaintiff had nothing except the verbal understanding which was later to be consummated by a written contract which was never executed. But this finding of fact is wholly without support in the evidence. At the time that this contract was executed the two daughters had already signed a contract to convey the property to the defendants Kreglowski. There is not one word of evidence of any authority given to John Motrie to execute for them a contract. The only evidence upon which it can be based is the evidence of the willingness of the daughters upon the twentieth to afterwards execute a conveyance to the plaintiff for the sum afterwards inserted in the contract with John Motrie. That no contract was made by Brustmann with these daughters is sworn to explicitly by Brustmann himself.

Without any contract then from these daughters, if the property

had not been conveyed to the Kreglowskis, Brustmann could not have compelled the daughters to convey to him their interest in the property. He certainly has no greater rights against their transferees, the Kreglowskis, and were there no other facts affecting the rights of the parties this judgment would have to. be reversed because it passes to this plaintiff, the interests of these daughters, which they never legally agreed to convey to him.

There are further facts, however, which furnish additional reason why the judgment cannot stand. Prior to the deed of Motrie and his two daughters to the Kreglowskis they had contracted to execute the deed for a consideration of $2,250. The trial court has found that this contract was made after the contract between the plaintiff and John Motrie. Upon a careful review of the evidence, however, we are convinced that this finding is not sustained thereby. According to the evidence of the agent Keator and his mother, of the two daughters and of the defendants Kreglowski, this contract was executed upon Monday morning, the twenty-second of May, between eight and nine o'clock. The evidence of John Motrie himself rather tends to the same inference, although it is so unreliable that it cannot be made the basis of any finding of fact. He was a hard drinker, and himself swears that after nine o'clock he does not remember anything that happened upon that day. As against this positive testimony of six witnesses some declarations are sworn to, both of John Motrie and of one of the daughters, which would seem to throw some suspicion upon the defendants' claim that their contract was executed upon the morning of the twenty-second. These declarations on the part of the daughter are explicitly denied. One Hamilton was the agent who negotiated the sale to the plaintiff. After this transaction he was paid his commissions in full by the Motries. It is strongly insisted that the payment of these commissions is a concession of a consummated valid contract with Motrie. This inference is not authorized, however, as the broker would clearly be entitled to the commissions upon furnishing a purchaser whether or not a contract be afterwards consummated between them. There is no evidence which outweighs the positive testimony of the six witnesses as to the time of the signing of this contract. With the burden of proof upon the plaintiff to show that he had prior rights, we are convinced that the finding

that the plaintiff's contract with Motrie antedated the Kreglowskis' contract with Motrie and his two daughters is against the weight of evidence. If it be true then that this deed upon the twenty-third was executed in pursuance of a written contract made prior to the plaintiff's contract, the defendants Kreglowski were clearly within their legal rights, and by their deed obtained nothing to which the plaintiff was entitled.

The judgment must, therefore, be reversed upon the law and the facts and a new trial granted, with costs to appellants to abide the event.

All concurred.

Judgment reversed on law and facts, and new trial granted, with costs to appellants to abide event.